IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:07-HC-2152-FL

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) **ORDER** |
| | ) |
| GEORGE ALBERT HOOD, | ) |
| | ) |
| Respondent. | ) |

This case comes before the court, in part, on respondent's pro se motion (D.E. 36) for replacement of his counsel, Walter A. Schmidlin, III ("Schmidlin"), filed 26 January 2011. The court held a hearing on respondent's motion on 16 February 2011, at which it questioned both respondent and Schmidlin extensively. (*See* D.E. 40). The government took no position on the motion. Both parties filed supplemental documents after the hearing. (*See* D.E. 46, 48). Also before the court are a renewed pro se motion by respondent for replacement of counsel (D.E. 53), filed 2 March 2011, and a motion (D.E. 56) by Schmidlin to withdraw from further representation of respondent, filed today.[1]

Based on its questioning of respondent and Schmidlin at the 16 February 2011 hearing, its review of the parties' written submissions, and its consideration of other relevant portions of the record, the court finds that the attorney-client conflict in this case is so great that it has resulted in a total lack of communication preventing an adequate defense. *See United States v. Reevey*, 364 F.3d

---

[1] Given the circumstances of this case, even in the absence of these motions, the court would have pursued the issue of replacement of respondent's counsel on its own initiative, pursuant to, among other provisions of law, 18 U.S.C. § 3006A(c). That statute provides that "[t]he United States magistrate judge or the court may, in the interests of justice, substitute one appointed counsel for another at any stage of the proceedings." 18 U.S.C. § 3006A(c).

151, 156 (4th Cir. 2004); *accord United States v. Lee*, No. 08-4485, 2010 WL 4034001, at *1 (4th Cir. 15 Oct. 2010) (citing *Reevey*). Given the early stage of the prehearing proceedings in this case, the motions are timely and will not prejudice the court's "interest in the orderly administration of justice." *Reevey*, 364 F.3d at 157; *accord Lee*, 2010 WL 4034001, at *1 (quoting *Reevey*).

IT IS THEREFORE ORDERED that:

1. respondent's motion (D.E. 36) for replacement of counsel and Schmidlin's motion (D.E. 56) to withdraw are GRANTED;

2. respondent's renewed pro se motion (D.E. 53) for replacement of counsel is DENIED AS MOOT;

3. Schmidlin's appearance as counsel for respondent is WITHDRAWN effective as of the date provided in paragraph 5 below;

4. the Federal Public Defender's Office is DIRECTED to appoint new counsel for respondent as soon as practicable but in no event later than 16 March 2011;

5. the new counsel for respondent shall enter a notice of appearance within two days after appointment; and

6. Schmidlin's withdrawal shall become effective upon the filing of the new counsel's notice of appearance.

SO ORDERED, this 9th day of March 2011.

James E. Gates
United States Magistrate Judge